UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GRAZYNA SKLODOWSKA-GREZAK,<br><br>                            Plaintiff,<br><br>                -against-<br><br>JUDITH A. STEIN, PhD; GIANNI FAEDDA, M.D.; NANCY B. RUBENSTEIN, M.D.,<br><br>                          Defendants. | 15-CV-1670 (JGK)<br><br>MEMORANDUM OPINION AND ORDER |

JOHN G. KOELTL, United States District Judge:

Plaintiff brings this *pro se* action invoking the Court's diversity jurisdiction, 28 U.S.C. § 1332. By order dated March 12, 2015, the Court granted Plaintiff's request to proceed *in forma pauperis*. The Court twice thereafter issued orders directing Plaintiff to amend her complaint to cure its deficiencies. On November 13, 2015, Plaintiff filed a second amended complaint.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); see Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks and citations omitted) (emphasis in original).

1

## DISCUSSION

**A.     Claims against Dr. Nancy Rubenstein**

In <u>Grezak v. Grezak</u>, No. 12-CV-4520 (E.D.N.Y. Sept. 30, 2014), the United States District Court for the Eastern District of New York granted Dr. Nancy Rubenstein's motion to dismiss Plaintiff Graznya Sklodoska-Grezak's claims against her. The district court held that: (1) Plaintiff's claims arising from her April 2011 altercation with Dr. Rubenstein were barred by the relevant limitations period; and (2) Dr. Rubenstein's submission of a letter to the Family Court – allegedly stating that Plaintiff was " very crazy"– was protected by the common law privilege for statements made in connection with a court proceeding. The district court therefore dismissed "the action against Rubenstein in its entirety with prejudice." <u>Grezak</u>, No. 12-CV-4520 (E.D.N.Y.) (Order filed Sept. 30, 2014 (ECF No. 57) at 16).

In this action, on June 19, 2015, Plaintiff filed an amended complaint reasserting the claims against Dr. Rubenstein that were dismissed in <u>Grezak</u>, No. 12-CV-4520 (E.D.N.Y.). Chief Judge Loretta A. Preska held that it was frivolous for Plaintiff to reassert the claims against Dr. Rubenstein that have already been dismissed with prejudice on the merits in <u>Grezak</u>, No. 12-CV-4520 (E.D.N.Y. Sept. 30, 2014). The Court noted that principles of preclusion bar Plaintiff from reasserting claims against Dr. Rubenstein that had already been dismissed. <u>Cieszkowska v. Gray Line N.Y.</u>, 295 F.3d 204, 205 (2d Cir. 2002) (per curiam) ("Even claims based upon different legal theories are barred [by claim preclusion] provided they arise from the same transaction or occurrence." (internal citation and quotation marks omitted)); <u>see also</u> <u>Marvel Characters, Inc. v. Simon</u>, 310 F.3d 280, 286 (2d Cir. 2002) (claim preclusion prevents "parties from contesting matters that they had a full and fair opportunity to litigate, thereby conserving judicial resources

2

and protecting parties from the expense and vexation of multiple lawsuits."). The Court granted Plaintiff leave to amend her complaint to clarify her claims against Defendants Stein and Faedda but directed Plaintiff not to include her claims against Dr. Rubenstein in any second amended complaint that she filed.

In her second amended complaint, Plaintiff disregarded the Court's order and once again named Dr. Rubenstein as a Defendant; Plaintiff asserts the same claims against Dr. Rubenstein (relating to incidents occurring in 2011) that she raised in Grezak, No. 12-CV-4520 (E.D.N.Y.). Plaintiff's claims against Dr. Rubenstein are therefore dismissed based on preclusion and under 28 U.S.C. § 1915(e)(2)(B)(i).

**B.   Service on Named Defendants**

To allow Plaintiff to effect service on Defendants Judith Stein and Dr. Gianni Faedda through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The service address for these defendants is Judith Stein, 24 East 12th Street, Suite 704, New York, NY 10003; and Dr. Gianni Faedda, 245 East 50th Street, New York, NY 10022. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all of the paperwork necessary for the Marshals Service to effect service upon these defendants.

Plaintiff must effectuate service within 120 days of the date the summons is issued. It is Plaintiff's responsibility to inquire of the Marshals Service as to whether service has been made and, if necessary, to request an extension of time for service. See Meilleur v. Strong, 682 F.3d 56, 63 (2d Cir. 2012). It is also Plaintiff's obligation to promptly submit a written notification to the

3

Court if Plaintiff's address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Court dismisses Plaintiff's claims against Dr. Nancy Rubenstein. See 28 U.S.C. § 1915(e)(2)(B)(i), (ii). The Clerk of Court is instructed to complete U.S. Marshals Service Process Receipt and Return forms for Defendants Stein and Faedda, issue a summons for each Defendant, and deliver to the Marshals Service all the of the paperwork necessary in order that these Defendants may be served.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal.   Cf. Coppedge v. United States, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   December 21, 2015
         New York, New York

/s/
JOHN G. KOELTL
United States District Judge