UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
────────────────────────────────────────

GRAZYNA SKLODOWSKA-GREZAK,                 15-cv-1670 (JGK)

        Plaintiff,                    MEMORANDUM OPINION AND
                                           ORDER
  - against -

JUDITH A. STEIN Ph.D.
GIANNI FAEDDA M.D.
NANCY B. RUBENSTEIN M.D.,

        Defendants.

────────────────────────────────────────

**JOHN G. KOELTL, District Judge:**

    Pro se plaintiff Grazyna Sklodowska-Grezak ("Grezak" or "plaintiff") filed this action on June 3, 2016 under 42 U.S.C §§ 1983 and 1985, alleging violations of her First, Fifth, and Fourteenth Amendment rights. She also asserts several state law claims. Grezak claims that the defendants, Judith A. Stein, Ph.D. ("Stein"), Gianni Faedda, M.D. ("Faedda"), and Nancy B. Rubenstein, M.D. ("Rubenstein"), motivated by racial animus, harassed her and conspired to have her falsely imprisoned.

    The claims against Dr. Rubenstein were dismissed on December 22, 2015. Stein and Faedda moved on July 1, 2016 and August 11, 2016, respectively, to dismiss the Second Amended Complaint ("SAC") under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. ECF Nos. 37, 67.

1

The plaintiff appealed to the Court of Appeals for the Second Circuit from a prior ruling in this case. This Court indicated that it would take no action pending determination of the appeal. The Court of Appeals dismissed the appeal for lack of jurisdiction. Therefore, the Court turns now to the fully briefed motions to dismiss.

## I.

In deciding a motion to dismiss pursuant to Rule 12(b)(6), the allegations in the complaint are accepted as true, and all reasonable inferences must be drawn in the plaintiff's favor. McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007). The Court's function on a motion to dismiss is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir. 1985). The Court should not dismiss the complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). While the Court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a

2

court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions." Id.; see also Villar v. Ramos, No. 13-CV-8422 (JGK), 2015 WL 3473413, at *1 (S.D.N.Y. June 2, 2015).

When faced with a pro se complaint, the Court must "construe [the] complaint liberally and interpret it to raise the strongest arguments that it suggests." Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation marks omitted). "Even in a pro se case, however, . . . threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (internal quotation marks omitted). Thus, although the Court is "obligated to draw the most favorable inferences" that the complaint supports, it "cannot invent factual allegations that [the plaintiff] has not pled." Id.; see also Villar, 2015 WL 3473413, at *1.

## II.

For the purposes of the motions to dismiss, the Court accepts as true the following factual allegations in the SAC.

On September 10, 2012, the plaintiff brought an action against her daughter and Dr. Stein, her daughter's psychiatrist, in the United States District Court for the Eastern District of New York. See Am. Compl. at 2. The plaintiff alleges that she named her daughter an "unwilling plaintiff" in the action and "ordered mediation with" the daughter on January 21, 2013 at

3

"Dr. Stein's office." Id. The SAC alleges that Stein "ordered to [the plaintiff's daughter] Pro Bono counsel," Beth Finkelstein ("Finkelstein"), who "came to the lawsuit" on February 25, 2013. Id.

The plaintiff alleges that on February 26, 2013, Stein, Faedda (who had an office with Stein), and Finkelstein had a "secret meeting" at which they "hatched" a "fraudulent scheme" to injure and harass the plaintiff. Id. The SAC alleges that Stein, Faedda, and Finkelstein have continually harassed her since March 2013. See id. at 8. The SAC alleges that Stein, Faedda, and Finkelstein embarked on this campaign of harassment because of Grezak's "Polish Christian Noble Heritage," id. at 5, and that their actions have "put [Grezak] on the edge of death." Id. at 3.

In particular, the SAC alleges that the three individuals "fabricated [f]alse evidence" and "ordered [Grezak's] unlawful confinement." Id. at 3. According to the plaintiff, Stein and Faedda, at Finkelstein's direction, "fabricated psychiatric certificates" in order to classify the plaintiff as mentally ill. Id. at 4; see also id. at 9-10. The plaintiff also claims that Stein, Faedda, and Finkelstein threatened to "forcibly medicate" and use physical force against the plaintiff. Id. at 7, 8. The SAC also alleges that Stein and Faedda falsified

4

records, which led to Grezak's indictment for homicide. Id. at 11-12.

The plaintiff also alleges that Stein, Faedda, and Finkelstein have interfered with legal proceedings involving the plaintiff and with the plaintiff's family life. See id. at 4-7. In particular, the SAC alleges that the three have encouraged Grezak's daughter "to commit [a] crime against" her, have destroyed her relationship with her daughter, and have made her daughter "run away from" her. Id. at 3-4, 6-7.

The SAC includes seven claims alleging violations of the plaintiff's constitutional rights under 42 U.S.C. § 1983,[1] see id. at 4, 6-10, two claims for conspiracy under 42 U.S.C. § 1985, see id. at 4-5, and state law claims for defamation and intentional infliction of emotional distress. See id. at 10-12.

### III.

Stein and Faedda move to dismiss for failure to state a claim.

### A.

Counts 1(a) and Counts 2 through 7 of the SAC allege violations of 42 U.S.C. § 1983 based on alleged violations of

---

[1] Only Counts 1(a) and 4-7 are expressly brought under § 1983. See Am. Compl. at 4, 7-10. Although Counts 2 and 3 are silent as to their statutory underpinning, the Court will construe these claims as brought under § 1983 because they allege violations of the plaintiff's constitutional rights. See id. at 6.

the plaintiff's constitutional rights. The defendants argue that the SAC does not plausibly allege that they acted under color of state law.

Because "the core purpose of § 1983 is to provide compensatory relief to those deprived of their federal rights by state actors," relief under that statute is only available when the "actions alleged by the plaintiffs come within the definition of 'under color of' [state] law." Kia P. v. McIntyre, 235 F.3d 749, 755-56 (2d Cir. 2000) (alterations and quotation marks omitted). "[A] private individual may be considered a state actor for purposes of a constitutional challenge if [his or her] conduct is fairly attributable to the state." Leeds v. Meltz, 85 F.3d 51, 54 (2d Cir. 1996). Thus, a § 1983 claim "may be proved by showing that a person acting under color of state law collaborated or conspired with a private person to deprive the plaintiff of a constitutional right." Singer v. Fulton Cty. Sheriff, 63 F.3d 110, 119 (2d Cir. 1995) (alterations and quotation marks omitted).

The plaintiff concedes that neither Stein nor Faedda is a state official. She instead contends that Stein and Faedda were acting under color of state law by associating with Finkelstein. See SAC at 2-3; Pl.'s Opp. to Mot. at 5. The plaintiff argues that Finkelstein is a state actor because she is a "Pro Bono attorney," SAC at 3, working for the Legal Services Corporation,

6

which she alleges is "funded . . . and closely supervised by the State." Pl.'s Opp. to Mot. at 6. However, "[i]t is well-established that as a matter of law a private attorney is not a state actor." Agron v. Douglas W. Dunham, Esq. & Assocs., No. 02 Civ. 10071 (LAP), 2004 WL 691682, at *3 (S.D.N.Y. Mar. 31, 2004) (internal citations omitted) (collecting cases). That is true even if the private attorney were appointed by a court to represent a defendant in a criminal case. Id. The SAC alleges that Finkelstein was a "Pro Bono attorney;" she was therefore a "private attorney" and not a state actor. See id. That Finkelstein provided services on behalf of a state-funded organization does not change the analysis because the plaintiff does not allege that any governmental organization exercises control over the affairs of the Legal Services Corporation. See Lefcourt v. Legal Aid Soc'y, 445 F.2d 1150, 1155 (2d Cir. 1971) (concluding that the plaintiff failed to make a "sufficient showing of governmental control, regulation or interference with the manner in which the [Legal Aid] Society conducts its affairs").

Because Finkelstein was not acting under color of state law and neither Stein nor Faedda are state actors, the § 1983 claims must be dismissed.

**B.**

The plaintiff brings the claims set forth in Counts 1(b) and 1(c) pursuant to 42 U.S.C. § 1985. The defendants argue that the SAC fails to allege adequately a conspiracy involving Stein, Faedda, and Finkelstein.

"To state a conspiracy claim under 42 U.S.C. § 1985, plaintiff must allege (1) some racial or other class-based discriminatory animus underlying the defendants' actions, and (2) that the conspiracy was aimed at interfering with the plaintiff's protected rights." Porter v. Selsky, 287 F. Supp. 2d 180, 187 (W.D.N.Y. 2003), aff'd, 421 F.3d 141 (2d Cir. 2005); see also A'Gard v. Perez, 919 F. Supp. 2d. 394, 409 (S.D.N.Y. 2013). "Conclusory allegations of conspiracy are not sufficient to state a claim under § 1985." Porter, 287 F. Supp. 2d at 187; see also Schoon v. Berlin, No. 07 Civ. 2900 (JGK), 2011 WL 1085274, at *3 (S.D.N.Y. Mar. 23, 2011) (conclusory, vague, and general allegations of conspiracy do not survive a motion to dismiss).

The plaintiff contends that Stein and Faedda "intentionally and purposefully discriminate[d] [against her] because she has Polish Christian Noble Heritage" and that their conspiracy was "based on [Grezak's] ethnicity, appearance and surname." SAC at 5; see also Pl.'s Opp. to Mot. at 7 (alleging that Stein and Faedda "subject[ed] [the plaintiff] to historically pervasive discrimination"). In Amaker v. Goord, this Court dismissed as

8

conclusory the plaintiff's allegations that he had "been subjected to repeated acts of . . . racially motivated harassment and intimidation" because those allegations were not supported by "specific facts." No. 98 Civ. 3634 (JGK), 1999 WL 511990, at *1, *10 (S.D.N.Y. July 20, 1999). Similarly, in this case the plaintiff does not allege any facts to support her claim that Stein and Faedda acted out of racial or other class-based discriminatory animus. Instead, she merely reiterates her vague allegation that the pair targeted the plaintiff because of the plaintiff's religion and nationality. Therefore, the § 1985 claims must be dismissed.

### c.

The SAC alleges state law claims for defamation and intentional infliction of emotional distress. See SAC at 10-12. Whether to exercise supplemental jurisdiction "is within the sound discretion of the district court." Lundy v. Catholic Health Sys. of Long Island Inc., 711 F.3d 106, 117 (2d Cir. 2013) (citing Carnegie–Mellon Univ. v. Cohill, 484 U.S. 343, 349–50 (1988)). Courts "consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity" to decide whether to exercise supplemental jurisdiction. Lundy, 711 F.3d at 117-18 (citation omitted). These factors counsel against hearing state law claims when the federal claims against a party are dismissed at an

early stage in the litigation. See Heard v. MTA Metro-N. Commuter R.R. Co., No. 02 Civ. 7565 (JGK), 2003 WL 22176008, at *3 (S.D.N.Y. Sept. 22, 2003).

The Court declines to exercise supplemental jurisdiction over the state law claims because it "has dismissed all claims over which it has original jurisdiction" and because of the early stage at which those claims are being dismissed. 28 U.S.C. § 1367(c)(3).

## CONCLUSION

The Court has considered all of the arguments raised by the parties. To the extent not specifically addressed, the arguments are either moot or without merit. For the foregoing reasons, the defendants' motions to dismiss are **granted**. The federal claims are dismissed with prejudice. The state claims are dismissed without prejudice to asserting those claims in state court. The clerk is directed to enter judgment dismissing the action and closing the case.

**SO ORDERED**

**Dated:    New York, New York**
         **February 21, 2017**    _/s/_____
                                 **John G. Koeltl**